IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Civil No. 4:24-cv-045 |
| | ) |
| v. | ) VERIFIED COMPLAINT FOR |
| | ) FORFEITURE *IN REM* |
| A BLACK IPHONE 8 SEIZED FROM | ) |
| EMILIO DANIEL DILLON, | ) |
| | ) |
| Defendant. | ) |

Plaintiff United States of America hereby files and serves this VERIFIED COMPLAINT IN REM and alleges as follows:

## I.   NATURE OF THE ACTION

1. This is an action to forfeit and condemn specific property (hereinafter "Defendant property") to the use and benefit of the United States of America (hereinafter "Plaintiff") for its involvement, as set forth below, in violations of Title 18, United States Code, Chapter 110.

2. The Defendant property is described as a Black iPhone 8 with a red and black case seized from Emilio Daniel Dillon (hereinafter "DILLON") in approximately 2019.

3. The United States believes the Defendant property is subject to forfeiture pursuant to 18 U.S.C. § 2254 (civil forfeiture), and 18 U.S.C.§ 2253 (criminal forfeiture, made applicable via § 2254) as visual property, real or personal, used or intended to be used to commit or to promote the commission of Title 18, United States Code, §§ 2251 – 2252A .

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this case, pursuant to 28 U.S.C. § 1345 (United States as plaintiff), as an action commenced by the United States of America, and pursuant to 28 U.S.C. § 1355(a) (Fine, penalty, or forfeiture), as an action for forfeiture.

5. This Court has *in rem* jurisdiction and venue over the Defendant property under 28 U.S.C. §§ 1355(b) and 1395(b) as the acts or omissions giving rise to the forfeiture occurred in this district and because the Defendant property was seized from and is located in this district.

## III. FACTS

6. On October 3, 2019, a business in Muscatine, Iowa, Premier Jewelry and Loan, discovered child pornography on a Samsung tablet device it had recently purchased from DILLON.

7. The manager of the business reported what he discovered to the Muscatine Police Department and gave the device to the police.

8. The manager also provided the police with a video of DILLON and his brother conducting the transaction.

9. A Muscatine police detective powered up the tablet and found approximately eleven (11) videos containing child pornography.

10. The police turned the tablet over to the Federal Bureau of Investigation (hereinafter "FBI") on October 24, 2019.

11. The FBI's review of the contents of the tablet found four (4) images of child pornography, including images of nude prepubescent females exposing their genitalia, as well as the previously discovered eleven (11) videos of child pornography, some of which were of prepubescent children being subjected by adults to engage in sex acts.

12. DILLON was interviewed by the FBI on November 20, 2019, and confessed. Specifically, he admitted to having downloaded hundreds of videos of child pornography to the tablet before he sold it, but apparently forgot to delete the videos and images left on the tablet.

13. DILLON confessed he was most sexually interested in females between the ages of five (5) and twelve (12) years old.

14. On November 22, 2019, DILLON was arrested after being charged by criminal complaint with possession of child pornography and receipt of child pornography in the U.S. District Court for the Southern District of Iowa.

15. After DILLON was arrested, he provided a post-*Miranda* statement to the FBI, in which he, again, confessed.

16. DILLON was indicted in this district on December 11, 2019, on charges of possession and receipt of child pornography. *United States v. DILLON,* Crim. No. 3:19-CR-128 (S.D. Iowa.)

17. On August 3, 2020, DILLON pled guilty to the receipt of child pornography charge. (R. Doc. 38.)

18. DILLON agreed to forfeit a Samsung tablet he used in the offense, (R. Doc. 40, ¶ 19), and it was ordered forfeited. (R. Doc. 46, 60, 66.)

19. On December 29, 2020, Dillon was sentenced to 70 months' in federal prison. (R. Doc. 60.)

20. Subsequently, the FBI stated that DILLON used another seized device that was not forfeited to collect child pornography, specifically the Defendant Property (the Black iPhone 8 with a red and black case).

21. Six (6) images of child pornography were found on the Defendant Property, including images of bestiality.

22. The Defendant property was produced using materials that were shipped or transported in or affecting interstate commerce, and the images on the device are believed to have been downloaded from the Internet, which is means and facility of interstate and foreign commerce.

23. DILLON has not requested the return of the Defendant Property.

24. DILLON is currently incarcerated at Federal Correction Institute Sandstone, MN, and has a projected release date of November 24, 2024.

### IV.  COUNT ONE
### (FORFEITURE UNDER 18 U.S.C. 2254)

25. Plaintiff repeats and realleges each and every allegation set forth above.

26. The Defendant property is personal property used to receive and possess child pornography, in violation of 18 U.S.C. § 2252 and § 2252A.

27. As a result of the foregoing, the Defendant property is liable to condemnation and to forfeiture to the United States for its use, in accordance with 18 U.S.C. § 2254.

## V. CONCLUSION

WHEREFORE, the Plaintiff requests that the Court issue a warrant and summons for the arrest and seizure of the Defendant property, that notice of this action be given to all persons known or thought to have an interest in or right against the property, that the Defendant property be forfeited to the United States, and that it be awarded its costs and disbursements in this action, and such other and further relief as the Court deems proper and just under the facts and applicable law.

Respectfully submitted,

Richard D. Westphal
United States Attorney

By: /Craig Peyton Gaumer
Craig Peyton Gaumer
Assistant United States Attorney
U. S. Courthouse Annex,
Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: craig.gaumer@usdoj.gov

## VERIFICATION

I, Cameron Smith, hereby verify and declare under penalty of perjury that I am a Special Agent with the Federal Bureau of Investigation, that I have read the foregoing Verified Complaint *in Rem.* and know the contents thereof and the matters contained in the Verified Complaint are true to my own knowledge, except for those matters not within my own personal knowledge and as to those matters, I believe them to be true.

The sources of my knowledge and information and the grounds for my belief are the official files and records of the United States and information provided to me by other law enforcement officers, as well as my investigation of this case, together with others, as Special Agent with the Federal Bureau of Investigation.

Dated: February 5, 2024.

_____
Cameron Smith, Special Agent
Federal Bureau of Investigation